UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT DINKINS and<br>KENNETH SANDERS,<br><br>  Plaintiffs,<br><br>v.<br><br>BUNGE MILLING, INC., and<br>UNITED STEEL, PAPER AND<br>FORESTRY, RUBBER,<br>MANUFACTURING, ENERGY,<br>ALLIED INDUSTRIAL AND SERVICE<br>WORKERS INTERNATIONAL UNION,<br>AFL-CIO-CLC,<br><br>  Defendants. | )<br>)<br>)<br>)   06-2052<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER

The plaintiffs, Robert Dinkins ("Dinkins") and Kenneth Sanders ("Sanders") are employees of Bunge Milling, Inc. ("Bunge"). They have filed a two-count complaint [#23][1] against Bunge and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO-CLC (the "Union"). In Count I, the plaintiffs allege they were denied promotion, training and advancement opportunities because of their race.[2] In Count II, the plaintiffs allege they were retaliated against for testifying on behalf of a fellow employee in his race discrimination claim against Bunge.[3]

Both defendants have filed motions to dismiss. The Union brings its motion pursuant to

---

[1] The document is titled "Second Amended Complaint." However, the complaint has been amended just once.

[2] Attachment 4 to the amended complaint is full of specific allegations, some of which allegedly constitute a racially hostile environment. The attachment also alleges that the Union has violated the terms of the collective bargaining agreement in a racially discriminatory manner.

[3] Count II, paragraph 10, alleges that the defendants kept the plaintiffs out of the apprenticeship training program by means of testing, which deprived the plaintiffs of equal opportunity. This allegation has nothing to do with any retaliation against the plaintiffs for their testimony in another race discrimination case.

Federal Rules of Civil Procedure 12(b)(2) and 12(c), arguing that this court lacks jurisdiction over the subject matter because neither defendant ever filed an EEOC charge against the Union. "It is a jurisdictional prerequisite to the filing of a suit under Title VII that a charge be filed with the EEOC *against the party sought to be sued*." *Bowe v. Colgate-Palmolive Co.*, 416 F.2d 711, 719 (7th Cir. 1969) (emphasis added) (*citing* 42 U.S.C. § 2000e-5(e)) (emphasis added).

The plaintiffs are proceeding *pro se*, so the court must apply a less stringent standard to their pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Consequently, the court has reviewed the original complaint for any pertinent information the plaintiffs may have overlooked when filing their amended their complaint. The original complaint states that Dinkins filed his EEOC charge on April 28, 2004, and the EEOC issued its right-to-sue letter on January 24, 2006. The plaintiffs attach a copy of the right-to-sue letter to their amended complaint. A copy of the original charge was provided by the Union.[4] Taken as a whole, the original complaint and right-to-sue letter show that Dinkins was authorized to proceed against Bunge. The Union was not named in the charge.[5] There is no indication that Sanders ever filed an EEOC charge or received a right-to-sue letter. Consequently, neither plaintiff may bring race discrimination claims against the Union.[6] The Union's motion to dismiss [#24] is granted. In addition, Sanders cannot proceed against either defendant; his claims against both defendants are dismissed and he is terminated from this action.

Bunge has filed a motion to dismiss pursuant to Rule 12(b)(6). In ruling on a motion to dismiss, a court must accept the plaintiff's well-pled allegations as true and draw reasonable inferences in the plaintiff's favor. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). Dismissal should be granted only if it appears that the plaintiff cannot prove a set of facts supporting his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Dinkins filed a charge and received a letter granting him the right to sue Bunge. In its motion to dismiss, Bunge argues that all allegations not incorporated in the charge cannot form the basis for a Title VII claim.

"As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in [his] EEOC charge." *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500

---

[4] The court may consider matters submitted by the defendant when they are "central to the plaintiff's claim." *McCready v. eBay*, 453 F.3d 882, 891-92, n.2 (7th Cir. 2006) (*citing Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002)).

[5] The charge form allows the complainant to name his employer and others, including a "labor organization . . . [and/or] apprenticeship committee[.]" Dinkins only named Bunge.

[6] To the extent the plaintiffs may be alleging the Union violated the collective bargaining agreement, the alleged violations are based on race, requiring a timely charge to be filed with the EEOC.

(7th Cir. 1994) (*citing Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974).  To determine if a particular claim was included in the charge, the court must decide whether plaintiff's claims are like or reasonably related to the allegations of the charge and grow out of such allegations.  *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 165 (7th Cir. 1976).

Dinkins' charge is quite limited.  One incident relates to his mental handicap, depression, although he does not incorporate that claim into his complaint.  Another incident alleges retaliation, upon which Count II of the complaint might be based.  Construing the other incidents in the EEOC charge most liberally, Dinkins may be alleging that the racially discriminatory incidents had the effect, individually or together, to shut him out of promotion and advancement opportunities.   Dinkins need not prove his case at this stage of the litigation.  The court's inquiry is limited simply to whether he might prove any set of facts consistent with his claim for relief.  As long as there exists the possibility that he might succeed, no matter how remote the possibility, dismissal pursuant to Rule 12(b)(6) is unwarranted.

### CONCLUSION

For the foregoing reasons, the Union's motion to dismiss [#24] is granted.  The Union is terminated from this action.  Bunge's motion to dismiss [#27] is granted in part and denied in part; Sanders' claims against Bunge are dismissed, and Sanders is terminated as a plaintiff in this action.  The motion to dismiss [#27] is denied as to Dinkins' claims against Bunge.

Bunge shall file an amended answer to the amended complaint within five days of the date of this order.[7]  A Rule 16 conference is scheduled for December 4, 2006 at 1:30 p.m. by personal appearance.  A separate Rule 16 order will be entered.

Entered this 18th day of October, 2006.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

---

[7] The answer filed on July 19, 2006, is inadequate in light of this order; some averments were not answered because the motion to dismiss was pending.